UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                      Case No. 11-20052
                                                             Honorable Denise Page Hood

VISHNU PRADEEP MEDA (D-2),

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE 404(B) EVIDENCE AND DENYING MOTION TO DISCLOSE

Now before the Court is Defendant Vishnu Meda's Motion to Exclude 404(b) Evidence and Motion to Disclose All Statements Which the Government Will Seek to Attribute to Defendant. For the reasons stated below, Defendant's Motion to Exclude 404(b) Evidence is DENIED and Motion to Disclose is DENIED.

      **A.**      **Motion to Exclude 404(b) Evidence**

On October 25, 2012, the Government filed a Supplemental Discovery Notice, indicating its intent to offer evidence that Meda had participated in home health care fraud at Patient Choice Home Healthcare and All American Home Health Care. Specifically, the Government noted that it intends to offer evidence that Meda was paid to create false therapy paperwork for services never rendered and that he knew that patients were not homebound. In the Government's Response, it indicated that the it would offer the following categories of evidence: (1) Meda's trial testimony; (2) Meda's statement to law enforcement; (3) testimony from a beneficiary regarding Meda's payment of a beneficiary; (4) Muhammad Shahab's testimony regarding Meda's falsification of files

at Patient Choice and All American; and (5) payments to Meda from Patient Choice and All American.

The Government argues that the other acts evidence is admissible because it constitutes *res gestae* or background evidence. The Court agrees. Federal Rule of Evidence 404(b) precludes the admission of evidence of "other crimes, wrongs, or acts" when used to prove the Defendant's character. However, the Sixth Circuit has recognized the admission of background evidence as an exception to Rule 404(b). *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). The exception is narrow and does not allow a party to introduce any other act evidence. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) ("Such evidence, often referred to as 'res gestae,' does not implicate Rule 404(b) . . . [but] it is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce."). Evidence falling under the exception "has a casual, temporal or spatial connection with the charged offense . . ." and generally "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

The evidence is properly admitted as background evidence because the events at Patient Choice and All American are integral to the retelling of the events that took place at Acure. Meda's involvement with Acure began with Patient Choice and All American where he was first hired by Shahab as a therapist. It was Shahab who helped secure Meda's employment at Acure. Meda testified in *United States v. Shahab*, Case No. 10-20014, that he committed fraud at Patient Choice and All American, but knew nothing about the conspiracy. He admitted to creating fake files for patients that he did not see and knew were not homebound. A trier of fact could consider such evidence as evidence that Meda had knowledge of a possible conspiracy at Acure. Essentially,

2

Meda's story at Acure starts at All American and Patient Choice and is, therefore, "necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 478. Exclusion of the evidence would omit a large portion of the story of the conspiracy. The Court finds that it is properly admitted as background or *res gestae* evidence.

Meda contends that the Government's argument demonstrates the existence of one conspiracy. The Court does not agree. The events that formed the conspiracy at Patient Choice and All American involved two health care organizations that were owned and controlled by Shahab and billed under a separate Medicare billing number than Acure. The events that took place at Acure were separated by time, ownership, and overt acts. Although Shahab was an initial investor, it appears it was Javidan who controlled Acure, chose the office staff, and entered into agreements. The fact that one conspiracy provides background for another conspiracy does not necessitate the conclusion that only one conspiracy existed. *See United States v. Pierce*, 62 F.3d 818, 829 (6th Cir. 1995) ("Rule 404(b) does not prevent the government from establishing how members of a conspiracy are related, solely because doing so would include evidence of prior criminal activities."); *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself.") For instance, the Government may charge individuals with conspiracy to transport cocaine from Detroit to Phoenix and also conspiracy to transport cocaine from Detroit to New York. The Government may admit evidence of the Detroit-Phoenix conspiracy as background evidence of the existence of a Detroit-New York conspiracy if there is a temporal similarity and the existence of the Detroit-Phoenix conspiracy is necessary to tell the story of the Detroit-New York conspiracy. However, the Government may rightly charge them as separate conspiracies because there are

different overt acts: transporting cocaine between Detroit and Phoenix and transporting cocaine between Detroit and New York. The Court finds that evidence from the Patient Choice and All American conspiracy is necessarily background for an alleged conspiracy at Acure.

Even if the evidence from Patient Choice and All American was not background evidence, it would be admissible under Rule 404(b). Rule 404(b) evidence may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, "provided that the prosecution . . . provide[s] reasonable notice in advance of trial . . . ." *Id.* The trial court has broad discretion in determining whether similar act evidence is admissible. *United States v. Stout*, 509 F.3d 796 (6th Cir. 2007). Before admitting such evidence, the trial court must first determine whether there is sufficient evidence to allow the jury to make a reasonable finding, by a preponderance of the evidence, "that the act occurred and that the defendant was the actor." *Huddleston v. United States,* 485 U.S. 681, 690 (1988); *United States v. Gessa*, 971 F.2d 1257, 1261–62 (6th Cir. 1992). The Court must then assess whether the similar acts evidence is probative of a material issue other than character. *Huddleston*, 485 U.S. at 686. The next inquiry is whether the evidence is relevant to a matter "in issue." *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991). The evidence "must deal with conduct substantially similar and reasonably near in time to the offenses" for which the defendant is charged. *Id.* The Court may nonetheless exclude the evidence if its probative value substantially outweighs the danger of unfair prejudice, confusion, or misleading the jury. Fed. R. Evid. 403.

The Government asserts that the evidence is probative of knowledge and intent. Meda testified in the *Shahab* trial that he falsified documents due to pressure from his employer and not because he had entered into an agreement to defraud Medicare. Evidence that Meda continued to

4

falsify documents at Acure long after the conspiracy at Patient Choice and All American ended is probative of his knowledge of the conspiracy and that he had entered into an agreement with Javidan to defraud Medicare. Meda contends that the evidence is more prejudicial than probative. Meda asserts that these acts are not necessary to prove any element of the offenses charged and that the jury may use the evidence to convict him. The Court disagrees. The evidence is relevant and probative of Meda's knowledge of the conspiracy and intent to enter into a conspiracy with Javidan. The Court will allow it.

Meda argues that the notice is not timely; Meda initially requested the information in October 2011. The Government did not provide a response until approximately one year later. Rule 404(b)'s notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility." *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir. 1995) (quoting Advisory committee notes). The Government provided notice in October 2012. Trial does not begin until February 2013. The prosecution gave Meda more than enough time to reduce surprise and promote resolution of admissibility. *See United States v. Paul*, 57 Fed. App'x 597, 607 (6th Cir. 2003) (finding that notice given week prior to trial sufficient); *United States v. Johnson*, 2000 U.S. App. LEXIS 11872, 21 (6th Cir. May 24, 2000) (finding notice given on second day of trial sufficient). The Court finds that the Government has provided sufficient notice.

      **B.**      **Voluntariness of Meda's Confession**

In his reply to the Motion to Exclude 404(b) evidence, Meda argues that statements made to Agent Krieg and Agent White on January 14, 2010 were not voluntary and should be excluded. This is the first time that Meda has raised this issue. A reply is not the proper place to raise an argument for the first time. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

5

The Local Rules provide that "a response or reply to a motion must not be combined with a counter-motion." CM/ECF E.D. Mich. L. R5. Furthermore, Meda is required to file a motion to suppress before trial. Rule 12(e) of the Federal Rules of Criminal Procedure require the defendant to file a motion to suppress prior to the deadline set by the trial court or the motion is waived. However, the Court, "[f]or good cause, . . . may grant relief from the waiver." Fed. R. Crim. P. 12(e). "At a minimum, [good cause] requires the party seeking a waiver to articulate some legitimate explanation for the failure to timely file." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010).

The Court set a deadline for January 22, 2013. [Docket No. 56] In his reply and not by separate motion, Meda requested exclusion of the statements on January 23, 2013. Meda does not explain why he did not know of the existence of these statements nor did he request that they be excluded prior to the motion cut-off. In fact, Meda does not even describe any facts that would render his confession involuntary beyond the conclusory statement that it was "not voluntary." The Court does not find that there is good cause for the delay. Meda's request to exclude is denied.

### C. Motion to Disclose Statements Attributed to Defendant

Meda requests an order requiring the Government to disclose all statements that it will attribute to Meda at trial pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A). His request also extends to statements made by coconspirators. Rule 16(a)(1)(A) provides that "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant . . . in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." The Jencks Act provides that the Government is not required to disclose any witness statement "until [the] witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Sixth

6

Circuit has held that the "government may not be compelled to disclose Jencks Act material before trial." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

It would appear that although Meda is entitled to a summary of his own statements, he is not entitled to the statements of coconspirators unless the individual testifies at trial. In fact, the Government has already provided interview reports of coconspirators. The Government, as the Court is sure it already knows, must comport with the requirements of Rule 16(a)(1)(A), which the Government indicates it has done.

D.      **Objection to Defendant Javidan's Rule 404(b) Evidence Notice**

On November 2, 2012, Javidan filed a Notice of Intent to Offer Evidence of Crimes, Wrongs, or Other Acts as against Codefendant Meda. She intends to introduce evidence that shows: (a) Meda was "seriously delinquent" in documenting therapy sessions and there was concern that he was falling behind; (b) remedial action was considered in January 2010; (c) Meda was directed to meet with patients, provide therapy, and become current on documentation of services performed; (d) following remedial measures, Meda presented himself as an exemplary therapist; and (e) Javidan had no personal knowledge of Meda creating false paperwork.      Meda objects to the admission of such evidence. He argues that Rule 404(b) does not contemplate a codefendant offering this evidence. Meda notes that "allowing such evidence turns codefendant Javidan into a second prosecutor and would require Defendant Meda to defend himself against these allegation." [Docket No. 49, Pg ID 152]. Meda asserts that if the Court is inclined to allow Javidan to offer this evidence under Rule 404(b), the evidence should be excluded as more prejudicial than probative.

There does not appear to be anything in Rule 404(b) that prohibits a codefendant from offering evidence of other bad acts. The Rule simply requires the prosecution to provide notice but

7

is silent regarding other parties. Meda does not provide any citation to case law foreclosing a coconspirator from offering such evidence. Meda may elect to cross examine Javidan to reveal any holes in her theory and/or credibility, but he provides no authority barring her from seeking to use such evidence. Meda's objection is denied.

**IT IS ORDERED** that Defendant's Motion to Exclude 404(b) Evidence and Response in Opposition to Government's Supplemental Discovery Notice [Docket No. 45, filed November 14, 2012] is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Disclosure of All Statemetns Which the Government Will Seek to Attribute to Defendant [Docket No. 46, filed November 14, 2012] is **DENIED**.

**IT IS ORDERED.**

                                                 S/Denise Page Hood
                                                 Denise Page Hood
                                                 United States District Judge

Dated: February 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2013, by electronic and/or ordinary mail.

                                                 S/LaShawn R. Saulsberry
                                                 Case Manager